UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY PATRICK MCGHEE,

    Plaintiff,

-vs-

                                          Case No. 12-cv-10771-AC
                                          HON. AVERN COHN

HYBRID LOGISTICS, INC.,
CLEAVER-BROOKS, INC., and
CIVES CORPORATION,                          Magistrate David R. Grand

    Defendants.
_____

| | |
|---|---|
| COURTNEY E. MORGAN, JR. (P29137) | BRUCE A. TRUEX (P26035) |
| ERIC J. ROSENBERG (P75782) | Secrest Wardle |
| Morgan & Meyers, PLC | Attorneys for Cleaver-Brooks, Inc. |
| Attorneys for Plaintiff | 2600 Troy Center Drive |
| 3200 Greenfield, Ste. 260 | PO Box 5025 |
| Dearborn, MI 48120 | Troy, MI 48007 |
| (313) 961-0130 / FAX: (313) 961-8178 | (248) 851-9500 / FAX: (248) 538-1223 |
| cmorgan@morganmeyers.com | btruex@secrestwardle.com |
| ejr@morganmeyers.com | |
| | |
| R. MATT GLOVER (Alabama ASB-7828-A43G) | MICHAEL J. BATALUCCO (P38001) |
| Prince Glover & Hayes | Lynch Batalucco & Sekerak |
| Attorneys for Plaintiff | Attorneys for Hybrid Logistics |
| 701 Rice Mine Road North | One Towne Square, Ste. 470 |
| Tuscaloosa, AL 35406 | Oakland Towne Square |
| (205) 345-1234 | Southfield, MI 48076 |
| mglover@princelaw.net | (248) 223-0120 / FAX: (248) 945-0014 |
| | michael.batalucco@libertymutual.com |

**STIPULATED PROTECTIVE ORDER**

      Upon consideration of the parties' joint proposed Protective Order, pursuant to Federal Rule of Civil Procedure 26, Defendant Cleaver Brooks, Inc. asserts that discovery in the above-entitled action will involve the disclosure of trade secrets or other confidential research,

1

development, or proprietary commercial information, and that a protective order is necessary to avoid delaying discovery in this action, and other good cause appearing therefore;

IT IS HEREBY ORDERED that the following Protective Order be and hereby is entered in the captioned action:

1.  PURPOSES AND LIMITATIONS

1.1 Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to enter the following Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection that it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

2.  DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.5     Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     Consultant: a person who, though retained by a party, is not expected to be called as a witness at trial.

2.8     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm, which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

3.1 All documents, materials, items, things and/or information that contain or compromise confidential and sensitive research, development or commercial information produced by a party or their experts shall be governed by this Protective Order.

3.2 The protections conferred by the Stipulation and Order cover not only protected materials, as defined above, (1) Any information copied or extracted from protected materials; (2) All copies, excerpts, summaries, or compilations of protected material; and (3) Any testimony, conversations, or presentations by parties or their counsel that might reveal protected material.

3.3 The terms of this Protective Order shall apply to all manner and means of discovery, including entry onto land or premises and inspection of books, records, documents, and tangible things.

3.4 Nothing in this Order shall prevent a Producing Party from any use of its own documents, materials or information in the course of its business.

3.5. This Protective Order does not impair the ability of any party or non-party to invoke any other valid objection or privilege.

4. DURATION

4.1     This Protective Order shall be effective on the date entered by the Court and shall not terminate until final disposition of this litigation.  Even after final disposition of this litigation, confidentiality obligations imposed by this Order shall remain in effect until a designating party agrees otherwise in writing or a Court order otherwise directs.  Final disposition shall be deemed to be the latter of (1) Dismissal of all claims and defenses in this action, with or without prejudice; and (2) Final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

5.1     <u>Manner of Designations</u>:   Any information produced by any party may be designated by such party as "<u>CONFIDENTIAL</u>" as described herein.

(a) As a general guideline, materials designated "Confidential" shall be those confidential and sensitive things that may be disclosed to the parties and their experts for the purpose of the litigation, but which must be protected against intentional disclosure to third parties but may be filed with the Court as set forth in paragraph 6.4.

(b) As a general guideline, materials designated "Confidential" shall be only those confidential and sensitive things of a proprietary business or technical nature which would be of value to a potential competitor of the party holding the proprietary rights thereto, and which must be protected from disclosure to such party and/or third parties. Any document designated as "Confidential" may be introduced at trial on Order of the Court.

(c) Absent a specific order by this Court, information once designated as "Confidential" shall be used by the Parties solely in connection with this litigation, and not for

any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.

5.2     A party should designate as "Confidential" only such information or documents as the party reasonably and in good faith believes require and justify protection under this Protective Order.  If, at any time during the pendency of this litigation, or trial of this action, any party claims that any other party is unreasonably claiming certain information produced herein to be confidential, the objecting party may make an appropriate motion with this Court, with confidential portions thereof to be kept under seal, requesting that specifically identified documents, information, and/or deposition testimony be excluded from the provisions of this Protective Order or downgraded in terms of the degree of protection provided.  Before filing any such application, the party seeking relief shall confer with the other party to determine whether the matter can be resolved by agreement.

5.3     <u>Timing of Designation</u>: Any party wishing to come within the provisions of this Protective Order shall designate, in writing, the documents, information, or portions thereof which he, she or it considers confidential at the time such documents are produced or such information is disclosed, or as soon thereafter as the person or entity seeking protection becomes aware of the nature of the information or materials disclosed and sought to be protected hereunder.

5.4     <u>Inadvertent Failure to Designate</u>:  If timely corrected, an inadvertent failure to designate qualified information as Confidential does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance

with the provisions of this Order.  Nothing in this provision alters Michigan law on the issue of burdens.

6.     ACCESS TO AND USE OF PROTECTED MATERIAL

6.1     Basic Principles:  A receiving party may use protected material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such protected material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a receiving party must comply with the provisions of Section 11 below (Final disposition).

All "Confidential" information covered by this Protective Order shall be kept at the offices of Plaintiff's counsel and/or consultants and experts, and in no event stored elsewhere.  All counsel for the parties, and the parties, who have access to "Confidential" information under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order. (**Exhibit A**)

6.2     Disclosure of "CONFIDENTIAL" Information or Items:  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b)     The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

7

(c) Experts and/or Consultants (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(d) The court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**);

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (**Exhibit A**), <u>unless otherwise agreed by the Designating Party or ordered by the court</u>. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.3   <u>Access to Protected Material:</u> Deposition testimony, admissions or answers to interrogatories stamped "Confidential," or copies or extracts therefrom, and compilations and summaries thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to (a) the parties, (b) counsel for the parties designated on the pleadings in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation (c) consultants and experts as defined in this Order and pursuant to the provisions on Paragraph 6.7 hereof (d) and to anyone charged with responsibility to mediate of facilitate this case.

8

Documents, deposition testimony, admissions or answers to interrogatories stamped "Confidential" or copies or extracts therefrom, and summaries and compilations thereof, and the information therein, may be given, shown, made available to, or communicated in any way only to: (a) the trial counsel designated on the pleadings in this action and those of their staff to whom it is necessary that the materials be shown for the purposes of this litigation; and (b) consultants and experts as defined in Paragraph 2.6 and 2.7 hereof and pursuant to the provisions on Paragraph 6.7 hereof.

However, any party may object to a witness having access to "Confidential", information in which case the other party may move the Court for an order permitting such access.

6.4    <u>Use of Confidential Material</u>: In the event a party wishes to use any "Confidential" information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such information used therein shall be filed under <u>seal</u> with the Court.

All pages or parts of court papers, discovery responses, documents or things produced, or deposition transcripts filed with the Court in this action which have been designated as containing "Confidential" information by either party hereto, or any court papers purporting to reproduce or paraphrase such Confidential information, shall be maintained *in camera* by filing the same in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "CONFIDENTIAL PURSUANT TO COURT ORDER," and a statement substantially in the following form:

> This envelope contains Confidential Information filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed or revealed, except by order of the Court.

6.5     Use of Confidential Material in Deposition: If any document or information designated to be "Confidential" pursuant to this Protective Order is used during the course of a deposition herein, that portion of the deposition record reflecting such confidential information shall be sealed and stamped with the designated degree of confidentiality, and access thereto shall be limited pursuant to the other terms of this Protective Order.

6.6     Use of Confidential Material By Expert or Consultant:  If Counsel provides any "Confidential" information, material or documents to any expert of consultant then Counsel must provide the expert of consultant with a copy of this Order and Attachment A.  The expert of consultant must sign Attachment A as provided herein.

7.     DOCUMENTS FILED UNDER SEAL

7.1     The following procedures shall apply regarding any paper filed under seal pursuant to this Protective Order:

> a.     Minimization is required.  Any paper to be filed under seal must be minimized, i.e. consist of only such portion of the paper as contains the information sought to be protected from public disclosure.[1]
>
> b.     Retrieving sealed papers is required.  A party who has filed material under seal must retrieve that material, not later than 60 days after the conclusion of the case, including any appeal.

8.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of

---

[1] e.g., only the pages of a deposition or memorandum that actually contain confidential material, not the entire transcript or memorandum.

Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court. Nothing in this provision modifies Section 5.4 in this Order.

9. **MISCELLANOUS**

    9.1     <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

    9.2     <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

    9.3     Other Objections or Privileges:  This Protective Order does not impair the ability of any party or non-party to invoke or challenge any other valid objection or privilege.

    9.4.    Entering into, agreeing to and/or complying with the terms of this Stipulated Protective Order shall not:

    (a)     Operate as an admission that any particular designated material constitutes, contains or reflects trade secrets, proprietary or commercial information or other confidential matter;

    (b)     Prejudice in any way the right of any party to object to the production of documents or information it considers not subject to discovery or to seek a court determination whether particular designated material should be produced;

    (c) Prejudice in any way the right of any party to apply to the Court to rescind or modify the terms of this Stipulation and Order or to move the Court for a further Protective Order;

    (d) Prejudice in any way the right of any party to use, or object to the use of, any designated material at any hearing or at trial, subject to scope of this protective order herein;

    (e) Affect the obligations of any party or person to comply with the terms of any compulsory process; or

    (f) Be construed as a waiver by any party of any discovery objection.

10. FINAL DISPOSITION

  10.1 No later than sixty (60) days after final disposition of this action, as defined in paragraph 4, unless otherwise agreed by the parties, each Receiving Party shall return all protected material and/or information to the Producing Party or such information shall be destroyed, at the election of the producing party. In the event of such destruction, counsel for the party(ies) performing the destruction shall verify in writing to all other counsel of such destruction. A copy may be kept under a party's law firm's record retention policy, and this Protective Order shall remain in force.

                s/Avern Cohn
                UNITED STATES DISTRICT JUDGE

Dated: February 11, 2013

Agreed as to form and content:

| | |
|---|---|
| MORGAN & MEYERS, PLC | SECREST WARDLE |
| | |
| By:_/s/ Courtney E. Morgan, Jr._____ | By:___/s/ Bruce A. Truex_____ |
| COURTNEY E. MORGAN, JR. (P29137) | BRUCE A. TRUEX (P26035) |
| ERIC J. ROSENBERG (P75782) | ANTHONY A. RANDAZZO (P68602) |
| Attorneys for Plaintiff | Attorneys for Cleaver-Brooks, Inc. |
| 3200 Greenfield, Ste. 260 | 2600 Troy Center Drive |
| Dearborn, MI 48120 | PO Box 5025 |
| (313) 961-0130 / FAX: (313) 961-8178 | Troy, MI 48007 |
| cmorgan@morganmeyers.com | (248) 851-9500 / FAX: (248) 538-1223 |
| ejr@morganmeyers.com | btruex@secrestwardle.com |
| | arandazzo@secrestwardle.com |
| | |
| PRINCE GLOVER & HAYES | LYNCH BATALUCCO & SEKERAK |
| | |
| By:_/s/Matt Glover_____ | By:_/s/ Michael J. Batalucco_____ |
| R. MATT GLOVER (Alabama ASB-7828-A43G) | MICHAEL J. BATALUCCO (P38001) |
| Attorneys for Plaintiff | OLIVER P. LANGFORD (P45301) |
| 701 Rice Mine Road North | Attorneys for Hybrid Logistics |
| Tuscaloosa, AL 35406 | One Towne Square, Ste. 470 |
| (205) 345-1234 | Southfield, MI 48076 |
| mglover@princelaw.net | (248) 223-0120 / FAX: (248) 945-0014 |
| | michael.batalucco@libertymutual.com |
| | oliver.langford@libertymutual.com |

2127082_1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HENRY PATRICK MCGHEE,

   Plaintiff,

-vs-

                 Case No. 12-cv-10771-AC
                 HON. AVERN COHN

HYBRID LOGISTICS, INC.,
CLEAVER-BROOKS, INC., and
CIVES CORPORATION,          Magistrate David R. Grand

   Defendants.

_____

| | |
|---|---|
| COURTNEY E. MORGAN, JR. (P29137) | BRUCE A. TRUEX (P26035) |
| ERIC J. ROSENBERG (P75782) | Secrest Wardle |
| Morgan & Meyers, PLC | Attorneys for Cleaver-Brooks, Inc. |
| Attorneys for Plaintiff | 2600 Troy Center Drive |
| 3200 Greenfield, Ste. 260 | PO Box 5025 |
| Dearborn, MI 48120 | Troy, MI 48007 |
| (313) 961-0130 / FAX: (313) 961-8178 | (248) 851-9500 / FAX: (248) 538-1223 |
| cmorgan@morganmeyers.com | btruex@secrestwardle.com |
| ejr@morganmeyers.com | |
| | |
| R. MATT GLOVER (Alabama ASB-7828-A43G) | MICHAEL J. BATALUCCO (P38001) |
| Prince Glover & Hayes | Lynch Batalucco & Sekerak |
| Attorneys for Plaintiff | Attorneys for Hybrid Logistics |
| 701 Rice Mine Road North | One Towne Square, Ste. 470 |
| Tuscaloosa, AL 35406 | Oakland Towne Square |
| (205) 345-1234 | Southfield, MI 48076 |
| mglover@princelaw.net | (248) 223-0120 / FAX: (248) 945-0014 |
| | michael.batalucco@libertymutual.com |

_____

**EXHIBIT A TO STIPULATED PROTECTIVE ORDER**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

  The undersigned hereby declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of Michigan in the case of *Henry Patrick McGhee v Hybrid*

14

*Logistics Inc., Cleaver-Brooks, Inc and Cives Corporation*; case number 12-cv-10771-AC, assigned to the Honorable Avern Cohn. The undersigned agrees to comply with and to be bound by all the terms of this Stipulated Protective Order.

By signing this agreement, the undersigned solemnly promises that he/she will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

NAME:  _____

JOB TITLE:  _____

EMPLOYER:  _____

BUSINESS ADDRESS:  _____

_____

_____

DATE:  _____  SIGNATURE: _____